# EXHIBIT A

**Appendix XII-B1**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),**
if information above the black bar is not completed
or attorney's signature is not affixed

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: | ☐ CK ☐ CG ☐ CA |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| DAVID T. ERCOLANO, ESQ. | (973) 779-1163 | Essex |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| FUSCO & MACALUSO PARTNERS, L.L.C. | |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 150 PASSAIC AVENUE<br>P. O. BOX 838<br>PASSAIC, NJ 07055 | COMPLAINT |
| | JURY DEMAND ■ YES ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| JUSTINIANO A. BENOIT-LIRIANO, Plaintiff | JUSTINIANO A. BENOIT-LIRIANO v. TIMOTHY J. HOUSER, et als. |

| CASE TYPE NUMBER (See reverse side for listing) | HURRICANE SANDY RELATED? | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO |
|---|---|---|
| 603 | ☐ YES ■ NO | IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ YES ■ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ■ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>TRAVELERS INDEMNITY CO. OF AMERICA<br>SEDGWICK CMS | ☐ NONE<br>☐ UNKNOWN |
|---|---|---|

THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ YES ■ No | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain)<br>☐ FAMILIAL                      ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? | ☐ YES ■ No |
|---|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| ♿ DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ YES ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: _/s/_

Effective 06/05/2017, CN 10517                                                                                          page 1 of 2

**Side 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under Rule 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

### Track III - 450 days' discovery
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
- 271 ACCUTANE/ISOTRETINOIN
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 285 STRYKER TRIDENT HIP IMPLANTS
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 289 REGLAN
- 290 POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291 PELVIC MESH/GYNECARE
- 292 PELVIC MESH/BARD
- 293 DEPUY ASR HIP IMPLANT LITIGATION
- 295 ALLODERM REGENERATIVE TISSUE MATRIX
- 296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
- 297 MIRENA CONTRACEPTIVE DEVICE
- 299 OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
- 300 TALC-BASED BODY POWDERS
- 601 ASBESTOS
- 623 PROPECIA
- 624 STRYKER LFIT CoCr V40 FEMORAL HEADS

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

**Please check off each applicable category**  ☐ Putative Class Action  ☐ Title 59

DAVID T. ERCOLANO, ESQ. – ID#: 016922010
FUSCO & MACALUSO PARTNERS, L.L.C.
150 Passaic Avenue
P. O. Box 838
Passaic, New Jersey 07055
(973) 779-1163
Attorneys for Plaintiff
Our File No: 212538

SUPERIOR COURT OF N.J.
CIVIL DIVISION
ESSEX VICINAGE

2017 OCT 18  A 10: 42

FINANCE DIVISION

| | |
|---|---|
| JUSTINIANO A. BENOIT-LIRIANO,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY J. HOUSER; WARD T. LOGISTICS; WARD TRUCKING, LLC; COLONIAL LIFE & ACCIDENT INSURANCE; JOHN DOES 1-10 (fictitious names); RICHARD ROES 1-10 (fictitious names); and ABC COMPANIES, INC., 1-10 (fictitious names),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br><br>DOCKET NO:<br><br>CIVIL ACTION<br><br>COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL AND CERTIFICATION |

Plaintiff, **JUSTINIANO A. BENOIT-LIRIANO** residing at 57 Marsello Place, First Floor, in the City of Garfield, County of Bergen, and State of New Jersey, by way of Complaint, against the Defendants, hereby says:

### FIRST COUNT

1. On or about **January 30, 2017**, Plaintiff **JUSTINIANO A. BENOIT-LIRIANO** was the operator of a certain motor vehicle owned by VIP LIMOUSINE & CAR which was traveling in a general south direction on Garden Street, in the City of Passaic, County of Passaic, State of New Jersey.

2. At the time and place aforesaid, the Defendant, **TIMOTHY J. HOUSER,** was the operator of a certain motor vehicle (truck) owned by Defendant, **WARD T. LOGISTICS** and/or Defendant, **WARD TRUCKING, LLC** which was reversing in a general north direction on Garden Street, in the City of Passaic, County of Passaic, State of New Jersey.

3. Defendant, **WARD T. LOGISTICS** and/or Defendant, **WARD TRUCKING, LLC,** is liable for the negligent acts and/or omissions of their agent(s), servant(s), and/or employee(s) under the doctrine of respondeat superior.

4. At the time and place aforesaid, the Defendant(s) **JOHN DOES 1-10** (fictitious names), **RICHARD ROES 1-10** (fictitious names) and/or **ABC COMPANIES, INC. 1-10** (fictitious names) was/were the owner(s) of a certain motor vehicle(s) which was/were being operated by his/her/its agent(s), servant(s) and/or employee(s), the Defendant(s), **JOHN DOES 1-10** (fictitious names), along the aforesaid roadway(s).

5. The aforesaid Defendant(s) **JOHN DOES 1-10, RICHARD ROES 1-10** and/or **ABC COMPANIES, INC. 1-10** are fictitious names intended to identify any and all parties including individuals, corporations and/or other entities whose identities are presently unknown to the Plaintiff who together with the named Defendants, were the owners, lessor(s) or lessee(s) and/or operators of vehicles upon the aforesaid roadways and whose negligence contributed to Plaintiff's injuries.

6. At the time and place aforesaid, the Defendants, or either of them, so negligently operated and/or maintained and/or controlled their motor vehicles as to cause same to strike and collide with the vehicle and the person of the Plaintiff, **JUSTINIANO A. BENOIT-LIRIANO.**

7. As the direct and proximate result of the aforesaid negligence of the Defendants, the Plaintiff, **JUSTINIANO A. BENOIT-LIRIANO** sustained serious and permanent physical injuries, suffered, still suffers and will continue to suffer from great physical pain and mental anguish, was confined, is and will continue to be so confined, was obliged, still is, and will in the future be obligated to expend large sums of money for medical and other needed care of the aforesaid injuries, was prevented, is, and will in the future be prevented from pursuing his usual course of conduct and employment and in the future will be caused great pain and suffering, to his great loss and damage.

**WHEREFORE**, the Plaintiff, **JUSTINIANO A. BENOIT-LIRIANO** demands judgment against the Defendants, **TIMOTHY J. HOUSER, WARD T. LOGISTICS, WARD TRUCKING, LLC, JOHN DOES 1-10** (fictitious names), **RICHARD ROES 1-10** (fictitious names) and **ABC COMPANIES, INC. 1-10** (fictitious names), either individually, jointly and/or severally, for damages, together with interest and costs of this suit.

## SECOND COUNT

1. The Plaintiff, **JUSTINIANO A. BENOIT-LIRIANO** repeats the allegations contained in the First Count of this Complaint and makes same a part hereof as though more fully set forth at length herein.

2. The Defendant, **COLONIAL LIFE & ACCIDENT INSURANCE COMPANY** executed to Justiniano A. Benoit-Liriano, in consideration for a sum of money an automobile insurance policy, thereby agreeing to indemnify the Plaintiff, against losses arising from medical expenses, lost wages and essential services by the insured, members of the insured's household, or occupants of the insured's vehicle. Defendant, **COLONIAL LIFE & ACCIDENT**

INSURANCE COMPANY, does business throughout the State of New Jersey, including the County of Essex.

3. The Plaintiff, **JUSTINIANO A. BENOIT-LIRIANO** was qualified and intended for such benefits.

4. On or about **January 30, 2017**, the Plaintiff, **JUSTINIANO A. BENOIT-LIRIANO**, was involved in an automobile accident proximately resulting in medical expenses, essential service expenses, lost wages and other covered losses.

5. The Plaintiff, **JUSTINIANO A. BENOIT-LIRIANO** has furnished to Defendant, **COLONIAL LIFE & ACCIDENT INSURANCE COMPANY** proof of said loss and otherwise performed all the conditions of the policy.

6. The Defendant, **COLONIAL LIFE & ACCIDENT INSURANCE COMPANY** has not paid said loss.

7. The Defendant, **COLONIAL LIFE & ACCIDENT INSURANCE COMPANY** has failed and refused to make prompt payment of Plaintiff's medical bills, in violation of New Jersey No Fault Law and failed and refused to provide Plaintiff necessary medical treatment.

8. Personal Injury Protection benefits and/or Medical Expense benefits have wrongfully not been paid by the Defendant named herein.

9. Personal Injury Protection benefits and/or Medical Expense benefits have wrongfully been denied by the Defendant. Said wrongful denial and/or non-payment of PIP benefits and/or Medical Expense benefits entitles the Plaintiff, **JUSTINIANO A. BENOIT-LIRIANO** to statutory penalties, interest, counsel fees and costs of this suit.

10. As a result, the Defendant is in breach of the insurance agreement and has violated New Jersey Law.

**WHEREFORE**, the Plaintiff, **JUSTINIANO A. BENOIT-LIRIANO**, demands judgment against the Defendant, **COLONIAL LIFE & ACCIDENT INSURANCE COMPANY**, for damages including, but not limited to payment of all medical bills, payment and/or reinstatement of benefits, statutory penalties including interest and counsel fees and such other relief as this Court may deem fair and proper.

FUSCO & MACALUSO PARTNERS, L.L.C.
Attorneys for Plaintiff

Dated: October 17, 2017     By: _____
DAVID T. ERCOLANO, ESQ.

## DEMAND TO PRESERVE EVIDENCE

All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social work or related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.) and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

FUSCO & MACALUSO PARTNERS, L.L.C.
Attorneys for Plaintiff

Dated: October 17, 2017     By: _____
DAVID T. ERCOLANO, ESQ.

## DEMAND FOR TRIAL BY JURY

The Plaintiff(s) hereby demand(s) a trial by jury as to all issues herein.

                                      FUSCO & MACALUSO PARTNERS, L.L.C.
                                      Attorneys for Plaintiff

Dated: October 17, 2017      By: _____
                                            DAVID T. ERCOLANO, ESQ.

## DESIGNATION OF TRIAL COUNSEL

In accordance with R. 4:25-4, David T. Ercolano, Esq., is hereby designated as trial counsel for the plaintiff in the within matter.

                                      FUSCO & MACALUSO PARTNERS, L.L.C.
                                      Attorneys for Plaintiff

Dated: October 17, 2017      By: _____
                                            DAVID T. ERCOLANO, ESQ.

## DEMAND FOR ANSWERS TO FORM C AND FORM C (1) INTERROGATORIES

Pursuant to Rule 4:17-1(b), demand is hereby made upon defendants to provide answers to Form C and Form C1 interrogatories contained in Appendix II, within the time limits prescribed by the Rules of Court.

                                      FUSCO & MACALUSO PARTNERS, L.L.C.
                                      Attorneys for Plaintiff

Dated: October 17, 2017      By: _____
                                            DAVID T. ERCOLANO, ESQ.

## CERTIFICATION

Pursuant to Rule 4:5-1, the undersigned hereby certifies that at the time of the filing of this Complaint, the within matter is not the subject of any other pending matters. Furthermore, through discovery, the Complaint may be amended to include party Defendants for the fictitious Defendants named herein. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

FUSCO & MACALUSO PARTNERS, L.L.C.
Attorneys for Plaintiff

Dated: October 17, 2017   By: _____
DAVID T. ERCOLANO, ESQ.